IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:20-cv-2916

HYTECH PRODUCTION, LTD.,

    Plaintiff,

v.

HILLESHÖG SEED LLC,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff HyTech Production, Ltd. ("HyTech"), by and through its undersigned attorneys, state their Complaint against for its claim against Hilleshög Seed LLC ("Hilleshög") as follows:

## INTRODUCTION

1.    This is an action seeking damages for Hilleshög's breach of its Commercial Seeds Agreement with HyTech.

## PARTIES

2.    HyTech Production, Ltd. is a Canadian company that specializes in providing to plant breeders and seed distributors of pedigreed seed, with its principal place of business at 10047 Highway 845, Coaldale, Alberta, Canada T1M 1A1.

3.    Hilleshög Seed LLC is the U.S. business unit or subsidiary of MariboHilleshög, a global seed company with its headquarters in Denmark. Hilleshög Seed

LLC's principle place of business is located at 1020 Sugar Mill Rd. Longmont, Colorado 80501.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332(a)(2) because HyTech is the citizen of a foreign state and the amount in controversy is greater than $75,000.

5. Venue is proper under 28 U.S.C. § 1391(b) because defendant resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

### A. HyTech and Syngenta Seeds Enter into Three Related Agreements

6. In Spring of 2017, HyTech negotiated and entered into three agreements with Syngenta Seeds: the Seed Services Agreement ("Master Agreement"), attached hereto as Exhibit 1; the Service Level Agreement related to seeds ("Commercial Seeds Agreement"), attached hereto as Exhibit 2; and the Service Level Agreement related to stecklings ("Stecklings Agreement"), attached hereto as Exhibit 3.

7. Each of these three Agreements related to Syngenta's sugar beet seed lines.

8. No one from Hilleshög was involved in the contract negotiations with HyTech or in the exchange of any draft agreements.

9. Near the end of contract negotiations, Syngenta disclosed to HyTech that Syngenta was in negotiations to sell its sugar beet seed business to Hilleshög.

10. Even with this disclosure, Hilleshög was not involved in any discussion of the Agreements' terms with HyTech before the Agreements were executed on June 1, 2017.

11. The Master Agreement specifically references Service Level Agreements and provides that the Master and Service Level Agreements, collectively, are integrated contracts and constitute the entire agreement between the parties.

12. As is typical in seed production agreements, The Master Agreement itself contains no specific payment terms, no acreage or land requirements, and conveys no specific genetic plant material.

13. Instead, the Master Agreement relies on specific terms set forth in Service Level Agreements to dictate materials to be supplied by the seed company (Section 1.1), land to be dedicated by HyTech (Section 1.2), services provided by HyTech (Section 1.3), as well as the price and payment for HyTech's services, and other necessary key terms for a contract.

14. The Master Agreement contains both a Term and a separate Termination clause. The Term of the Master Agreement is five years, unless terminated as permitted by the contract (Section 11.1). The next clause, Section 11.2, specifies the various ways either party may terminate the Master Agreement. The Master Agreement also preserves any and all rights either party has for any obligation to make any payment after the Master Agreement terminates (Section 11.3).

15. The two Service Level Agreements and their Schedules are the only contracts that provide specific payment terms and obligations, require HyTech to dedicate acreage, and specify other key economic terms that form the basis of the parties' entire integrated agreement.

16. Schedule 2 to the Commercial Seeds Agreement sets forth projected costs for target yields based on acreage planted by HyTech, states when and how payments will be made by the seed producer, and defines a "unit" as 100,000 clean sugar beet seeds.

17. The Commercial Seeds Agreement Section 10.1 specifically notes that it contains terms, conditions, and obligations that are in addition to the Master Agreement, and that, collectively, the Master and Service Level Agreements are integrated contracts and constitute the entire agreement between the parties.

18. The Commercial Seeds Agreement also contains separate Term and Termination clauses (Sections 7 and 9, respectively).

19. Unlike the Master Agreement, the Commercial Seeds Agreement Termination clause does not specify how to terminate the Commercial Seeds Agreement.

20. Instead, the Commercial Seeds Agreement Termination clause explains what termination fees are owed to HyTech if the Commercial Seeds Agreement terminates before the fifth production year: "If Syngenta sends Contractor notice of termination of this Service Level Agreement before the end of the first production year, Syngenta will pay Contractor $1,000,000.  Further if Syngenta terminates the Service Level Agreement before the end of the second, third, or fourth production year then Syngenta will pay Contractor $800,000 (second year), $600,000 (third year), and $400,000 (after the third year but before the end of the fifth year), respectively."

21. The Commercial Seed Agreement's Termination clause further reflects the parties contemplated length of the Commercial Seeds Agreement to be five years, the same

4

as the Master Agreement, because it provides for declining termination fees owed to HyTech based on when the Commercial Seed Agreement terminates between years 1 and 5.

### B. Hilleshög Acquires the Syngenta Sugar Beet Business and Induces HyTech's Further Reliance on the Agreements

22. Hilleshög acquired the Syngenta sugar beet seed business in approximately September 2017. As a result of this acquisition, Hilleshög succeeded to all of Syngenta's contractual rights and obligations related to the June 1, 2017 Agreements with HyTech.

23. In reliance on the five-year term of the Agreements and after a meeting with in Denmark between principals of MariboHilleshög and Hytech, Hytech invested in a specialized piece of equipment, called a Albertazzi Steckling Transplanter, to use in performing its contractual obligations to Hilleshög. This planter was manufactured in Italy, and shipped to Alberta, Canada where HyTech has its principal place of business. HyTech also purchased a specialized Monosem planter, to plant seeds very specifically, to produce uniform stecklings. This planter was purchased in the United States.

24. HyTech also hired a specialist, specifically trained in working with sugar beet seeds, to assist HyTech in its performance of all three related Agreements. Based on the five-year term of the Agreements, HyTech entered into a multi-year contract with this specialist.

25. HyTech performed all of its obligations under all three related Agreements from June 2017 and continues to perform today.

C.     **Hilleshög Terminates All Three Related Agreements**

26.    On February 11, 2019, Hilleshög elected to terminate the Master Agreement for convenience, as was its contractual right, pursuant to Section 11.2 of the Master Agreement.

27.    Tyler Ring, Hilleshög's President, sent HyTech three communications on February 11, 2019: a Notice of Termination of the Master Agreement; a Notice of Termination of the Stecklings Agreement, and an "Acknowledgement of Agreement Term" for the Commercial Seed Agreement. See Exhibits 4, 5, and 6 hereto respectively.

28.    Hilleshög's so-called "Acknowledgement of Agreement Term" for the Commercial Seeds Agreement also constituted a notice of termination, regardless of its title.  The February 11, 2019 "Acknowledgement" invoked the Master Agreement's Termination clause Section 11.2 and specifically noted, "the Commercial Seeds Agreement's term will accordingly end when the [Master] Agreement terminates effective, February 14, 2020."

29.    No provision in any of the three agreements executed June 1, 2017, allows Hilleshög to terminate the Master Agreement without also terminating the Service Level Agreements.

30.    Hilleshög elected to terminate the Master Agreement for convenience.  Once that Termination right was exercised, it had the automatic effect of terminating the Stecklings Agreement and the Commercial Seeds Agreement.

31.    Hilleshög terminated all Agreements with HyTech before the end of the third production year.

32. On March 19, 2019, Scott Horner, HyTech's General Manager, confirmed receipt of Hilleshög's Notices of Termination and requested payment of the Termination Fee of $600,000 to HyTech.

33. On March 26, 2019, Hilleshög replied to HyTech's letter via email, claiming no terminate fee was owed because Hilleshög only changed the term of the Commercial Seed Agreement and did not terminate it.

34. On April 5, 2019 HyTech again requested payment of the $600,000 termination fee. Hilleshög again responded via email disputing any termination fee was owed to HyTech.

35. On May 14, 2019, HyTech made its last business to business request for payment of the termination fee. Hilleshög did not respond.

36. To date, Hilleshög has not paid the termination fee owed pursuant to the Commercial Seed Agreement.

## COUNT I
## (Breach of Contract)

37. HyTech incorporates the allegations in Paragraphs 1-36 as if fully set forth herein.

38. HyTech and Syngenta entered into three valid and enforceable contracts on June 1, 2017.

39. Hilleshög is Syngenta's successor on all three June 1, 2017 contracts with HyTech.

40. HyTech performed its obligations under the all three Agreements, including the Commercial Seed Agreement.

7

41. In accordance with the terms of the Agreements, Hilleshög terminated all three Agreements on February 11, 2019, effective February 14, 2020.

42. The Commercial Seed Agreement requires Hilleshög to pay the Termination Fee upon Hilleshög's termination of the Commercial Seed Agreement.

43. Hilleshög did not pay the Termination Fee to HyTech as required by the Commercial Seed Agreement, and Hilleshög is in breach of the Agreement.

44. As a result of Hilleshög's breach, HyTech has been injured in an amount greater than $75,000.

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

45. HyTech incorporates the allegations in Paragraphs 1-44 as if fully set forth herein.

46. HyTech and Hilleshög are parties to the Master Agreement, the Stecklings Agreement, and the Commercial Seed Agreement.

47. HyTech has fully performed under the Master Agreement, the Stecklings Agreement, and the Commercial Seed Agreement.

48. Under the Commercial Seed Agreement, HyTech is entitled to a termination fee if Hilleshög terminates the contract before the fifth production year.

49. Hilleshog terminated all three agreement with HyTech on February 11, 2019.

50. Hilleshög admits it terminated the Master Agreement and the Stecklings Agreement on February 19, 2011.

51. Hilleshög unilaterally deemed its February 11, 2019 termination of the Commercial Seed Agreement a change of the contract's term instead of a termination for the sole purpose of avoiding the Termination clause and termination fee owed to HyTech pursuant to Section 9 of the Commercial Seed Agreement.

52. Hilleshög's breached of the covenant of good faith and fair dealing by attempting to avoid the plain language of the Commercial Seed Agreement and refusing to admit its February 11, 2019 action with respect to the Commercial Seed Agreement was a termination of the Commercial Seed Agreement.

53. As a result of Hilleshög's breach, HyTech has been injured in an amount in excess of $75,000.

## COUNT III
### (Promissory Estoppel)

54. HyTech incorporates the allegations in Paragraphs 1-53 as if fully set forth herein.

55. Under the terms of the Master Agreement and Commercial Seed Agreement, Hilleshög represented and promised to HyTech that the Term of both Agreements was five years. Under the terms of the Master Agreement and Commercial Seed Agreement, Hilleshög represented and promised to HyTech that if the Commercial Seed Agreement terminated before five years, then termination fees would be paid to HyTech.

56. In reliance on these promises, HyTech procured a custom-built Albertazzi Transplanter and a specialized Monosem planter and hired a specialist to fulfill its obligations to Hilleshög. Hilleshög was aware that HyTech had procured the custom-built monosem planter and hired a specialist to fulfill its contractual obligations to Hilleshög in

reliance on the full five-year term of the Agreements or, in part, the Termination fee clause of the Commercial Seed Agreement.

57. Despite the forgoing, Hilleshög refuses to pay the Termination Fee or to reimburse HyTech for the substantial outlay of capital HyTech invested to perform for the full length of the Agreements' Term.

58. HyTech acted to its substantial detriment in reasonable reliance on these promises.

59. Injustice can be avoided only by enforcement of the promises.

## **PRAYER FOR RELIEF**

WHEREFORE, HyTech demands judgment against Hilleshög:

    A. Awarding HyTech damages in excess of $75,000;

    B. Awarding HyTech any additional compensatory damages resulting from Hilleshög's breach;

    C. Awarding HyTech costs and, to the extent permissible under applicable law, its attorneys' fees; and

    A. D. Grant all other such relief to Plaintiff as the Court deems just and equitable.

## **JURY DEMAND**

GrowGen hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 25th day of September, 2020

                                    DORSEY & WHITNEY LLP

                                    *s/ Gregory S. Tamkin*
                                    Gregory S. Tamkin
                                    Stephen R. Weingold
                                    1400 Wewatta Street, Ste. 400
                                    Denver, CO   80202
                                    Telephone: 303-629-3400
                                    Email:  tamkin.greg@dorsey.com
                                                    weingold.stephen@dorsey.com

                                    Theresa Bevilacqua
                                    50 South Sixth Street, Minneapolis, MN  55402
                                    Telephone: 612-340-2600
                                    Email:  bevilacqua.theresa@dorsey.com

                        ***Attorneys for Plaintiff HyTech Production Ltd.***

Address of Plaintiff:
HyTech Production, Ltd.
10047 Highway 845,
Coaldale, Alberta, Canada T1M 1A1

11